

FILED
June 2, 2017
8:45 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Terry Lamm | ) Docket No. 2015-01-0429 |
| | ) |
| v. | ) State File No. 64870-2015 |
| | ) |
| E. Miller Construction, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas Wyatt, Judge | ) |

---

### Affirmed and Remanded—Filed June 2, 2017

---

In this second interlocutory appeal, the employer disputes the trial court's denial of its motion for summary judgment. The employer asserts the trial court erred in determining it had failed to negate an essential element of the employee's claim or show that the employee's evidence was insufficient to establish his claim. Upon careful review of the record, we affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Nicholas J. Peterson, Knoxville, Tennessee, for the employer-appellant, E. Miller Construction, Inc.

Joseph H. Crabtree, Jr., Athens, Tennessee, for the employee-appellee, Terry Lamm

### Factual and Procedural Background

Terry Lamm ("Employee") alleges he suffered either an acute injury to his lumbar spine or an aggravation of his pre-existing lumbar condition on August 12, 2015, when he helped lift a steel H-beam while working for E. Miller Construction, Inc. ("Employer"). He described feeling an immediate, sharp pain in his back and leaving work early because the pain made him unsteady on his feet. After resting at home for two days, he

1

sought emergency medical treatment at Blount Memorial Hospital because his symptoms had not improved. He was diagnosed with a lumbar sprain and discharged.

Employee suffered from prior lumbar spine problems. A March 20, 2014 medical record from Dr. James Fox, a pain management specialist, stated that Employee reported ongoing pain for fourteen years that caused a severe functional impairment. Employee indicated to Dr. Fox that he had previously been in pain management in another state, but had discontinued that treatment about a year earlier. Dr. Fox diagnosed chronic pain syndrome, lumbago, radiculopathy, post-laminectomy pain syndrome, muscle spasm, and pain disorder with psychological factors.

Although Employer initially authorized certain medical treatment upon receiving notice of Employee's August 12, 2015 work accident, it did not provide Employee a panel of physicians. Following an expedited hearing, the trial court ordered Employer to provide a panel, and we affirmed that order. *See Lamm v. E. Miller Constr., Inc.*, No. 2015-01-0429, 2016 TN Wrk. Comp. App. Bd. LEXIS 83 (Tenn. Workers' Comp. App. Bd. Nov. 8, 2016). Employee selected Dr. Jay Jolley from the panel and was seen by Dr. Jolley on one occasion. In his January 9, 2017 report, Dr. Jolley described Employee's pre-existing history, the August 12, 2015 work accident, and Employee's complaints of constant pain in his lower back. Dr. Jolley noted limited range of motion in Employee's lumbar spine and an unsteady gait. He also noted diminished sensation in the L4 distribution indicative of radiculopathy. He did not find any signs of symptom magnification. He diagnosed spinal stenosis, disc degeneration, and L4-5 discogenic low back pain with radiculopathy.

At Employer's request, Dr. Jolley completed a standard form medical report (Form C-32) on February 8, 2017, in which he concluded that Employee suffered a "sprain" and "aggravation of his pre-existing [degenerative disc disease]." He indicated the work accident resulted in disablement and the need for treatment, describing the work injury as a "sprain and [degenerative disc disease] exacerbation." He checked "yes" in response to the question "Did this injury involve aggravation of a pre-existing injury?" However, he also indicated that the employment activity was *not* primarily responsible for the present need for treatment, that the work accident resulted only in the need for brief treatment, and that Employee reached maximum medical improvement on October 19, 2015. He did not complete the section of the Form C-32 requesting his opinion on permanent medical impairment.[1]

---

[1] In its brief on appeal, Employer summarized Dr. Jolley's responses to a medical questionnaire sent to him by Employer's counsel as further support for its position. However, that questionnaire was excluded by the trial judge as evidence for purposes of considering the motion for summary judgment and Employer did not appeal the trial judge's evidentiary ruling. Thus, we will not consider Dr. Jolley's responses to the medical questionnaire.

Thereafter, Employer filed a motion for summary judgment, asserting that "Employee is unable to prove that he sustained an injury during the course and scope of his employment with Employer" and that "Defendants are entitled to dismissal of this action as a matter of law." As required by Tennessee Rule of Civil Procedure 56.03, Employer contemporaneously filed a statement of undisputed facts, as well as a memorandum of law in support of its motion. Employee failed to timely respond to the motion and failed to respond to Employer's statement of undisputed facts as required by Rule 56.03. Employee did, however, appear for the hearing on Employer's motion and offer oral argument in opposition to the motion. The trial court denied Employer's motion for summary judgment, and Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2016). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2016). However, a trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.").

## Analysis

When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail on its motion: (1) "[s]ubmit[] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) "[d]emonstrate[] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101 (2016); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If the moving party is successful in meeting this initial burden of

3

production, the nonmoving party must then establish that the record contains specific facts upon which a trier of fact could base a decision in that party's favor. *Rye*, 477 S.W.3d at 265. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

In its brief, Employer relies on a recent decision, *Payne v. D & D Electric*, No. E2016-01177-SC-R3-WC, 2017 Tenn. LEXIS 215 (Tenn. Workers' Comp. Panel Apr. 18, 2017), in which the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel affirmed our reversal of a trial court's order denying summary judgment. In that case, the employee alleged a work-related foot injury and the employer denied that the alleged injury was work-related. *Id.* at *1. The employee suffered from pre-existing diabetes that was "poorly controlled," and he was diagnosed with a severely infected foot. *Id.* at *2. Following an expedited hearing, the trial court denied the employee's request for temporary disability benefits and medical benefits because the employee had not come forward with any medical evidence that his condition was work-related. *Id.* at *4-5. Thereafter, the employer filed a motion for summary judgment. *Id.* at *5. In response, the employee filed several hundred pages of medical records and other documents, but did not offer any medical opinion that his condition was work-related. *Id.* at *5-6. The trial court denied the motion for summary judgment, concluding that certain statements contained in the treating physician's records "did not foreclose the possibility" that an opinion favorable to the employee might later be offered and, therefore, created a genuine issue of material fact. *Id.* at *6. We reversed, concluding the employee had failed to come forward with sufficient medical evidence in response to the motion for summary judgment.[2]

In affirming our decision in *Payne*, the Appeals Panel concluded that the employee's evidence presented at the summary judgment stage was not sufficient to withstand the employer's dispositive motion. *Id.* at *9. The Panel further commented, "[t]o succeed on his workers' compensation claim, [the employee] had to show to a reasonable degree of medical certainty that the aggravation of his pre-existing left-foot condition arose primarily out of and in the course and scope of his employment." *Id.* The Panel then noted, "he submitted no medical evidence showing that it was more likely than not that his employment contributed more than fifty percent to his injury." *Id.* at *10.

Although Employee in the present case did not timely respond to Employer's motion for summary judgment or offer any additional medical evidence, the expert medical proof available for the trial court's consideration was decidedly different than the

---

[2] *Payne v. D and D Elec.*, No. 2014-01-0023, 2016 TN Wrk. Comp. App. Bd. LEXIS 21 (Tenn. Workers' Comp. App. Bd. May 4, 2016).

proof submitted in *Payne*. Unlike in *Payne*, the authorized treating physician in the present case, Dr. Jolley, concluded that Employee suffered a work-related sprain that caused an aggravation of his pre-existing degenerative condition. He further opined that the work-related injury caused "disablement" and the "need for medical treatment." He also affirmed that the work injury involved "the aggravation of a pre-existing condition." Thus, contrary to the proof in *Payne*, the expert medical opinion of the authorized treating physician in this case created a genuine issue of material fact as to whether Employee suffered a compensable aggravation that would entitle him to certain workers' compensation benefits. Summary judgment is therefore inappropriate.

Moreover, we note that Employer did not seek partial summary judgment as to any specific issue in this case, such as whether Employee's current need for medical treatment is causally related to the work accident or whether Employee was entitled to any permanent disability benefits. Instead, Employer's motion for summary judgment sought to show that "Employee is unable to prove that he sustained an injury during the course and scope of his employment." Given Dr. Jolley's responses and notations on the Form C-32 as discussed above, we conclude there is a genuine issue of material fact as to whether Employee suffered a compensable aggravation of his pre-existing condition. Therefore, the trial court was correct in denying Employer's motion for summary judgment under these circumstances.

## Conclusion

For the foregoing reasons, we hold that the preponderance of the evidence supports the trial court's decision at this interlocutory stage of the case. Additionally, we hold that the trial court's decision does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's order is affirmed and the case is remanded for any further proceedings that may be necessary.

5